```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/19/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MIDOCEAN PARTNERS IV, L.P.,

                Plaintiff,

-against-

AARON BAKER, WILLIAM LEW, and ALPHA BRAVO HOLDING COMPANY, INC.,

                Defendants.

1:20-cv-06013

ORDER REMANDING CASE

MARY KAY VYSKOCIL, United States District Judge:

        Plaintiff commenced this action on July 1, 2020 by filing its Complaint in New York Supreme Court. *See* Complaint, ECF No. 1-1. Plaintiff alleges that Defendants breached their "best efforts" obligations under a February 2020 loan Purchase and Sale Agreement ("PSA"). Complaint ¶¶ 1-9, 29-38, 76-91. Plaintiff also alleges other, exclusively state law claims related to the same conduct, including unjust enrichment, breach of the implied covenant of good faith, and tortious interference. Complaint ¶¶ 92-119.

        Defendants removed the case to this Court on July 31, 2020 as purportedly related to a now-closed bankruptcy in the District of Nevada. *See* Notice of Removal, ECF No. 1, ¶¶ 14-23. Specifically, Defendants point to the bankruptcy proceeding of a debtor company called Alpha Guardian that had been pending in the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Case"). An order confirming a plan of reorganization was entered in the Bankruptcy Case on July 27, 2020, prior to removal of this action. *See* Notice of Removal at 1, ¶ 8.

        Following the removal, each of the Parties filed motions addressed to where this case should be litigated. Plaintiff moved to remand the case to state court [ECF No. 24], while Defendant moved to transfer the case to Nevada [ECF No. 21]. The Court held argument on the

motions on November 4, 2020.  After reviewing the Parties' submissions and considering the arguments made by the Parties, Plaintiff's Motion to Remand is GRANTED.  Defendants' motion to transfer the case is DENIED AS MOOT.

## DISCUSSION

When considering a motion to transfer venue to another district and a competing motion to remand where the Plaintiff argues that the Court lacks subject matter jurisdiction over the case, the Court must begin with the Motion to Remand.  *See, e.g.*, *Tilton v. MBIA, Inc.*, __ B.R. __, 2020 WL 5602021, at *3 (S.D.N.Y. 2020).  Defendants removed this case pursuant to 28 U.S.C. § 1452(a), which provides that a party may remove a case if the federal court "has jurisdiction of such claim or cause of action under section 1334 of this title."  28 U.S.C. § 1452(a); *see also* Notice of Removal ¶ 14.  Defendants have not asserted any basis for subject matter jurisdiction other than as set out in 28 U.S.C. § 1334.  *See* Notice of Removal ¶ 14.  Section 1334 provides that a District Court has original jurisdiction over "all civil proceedings arising under title 11 or arising in or related to cases under title 11."  28 U.S.C. § 1334.

"'Arising under' proceedings consist of causes of action created by Title 11 of the Bankruptcy Code, meaning any matter under which a claim is made under a provision of [T]itle 11."  *Lothian Cassidy, LLC v. Lothian Exploration & Development II, L.P.*, 487 B.R. 158, 161-62 (S.D.N.Y. 2013).  "Arising in" jurisdiction exists in a matter where the claims "are not based on any right expressly created by title 11, but nevertheless, would have no existence outside the bankruptcy."  *Baker v. Simpson*, 613 F.3d 346, 350–51 (2d Cir. 2010) (internal quotation marks and citation omitted).  Finally, "related to" jurisdiction exists if the action's "outcome might have any conceivable effect on the bankrupt estate."  *Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.*, 639 F.3d 572, 579 (2d Cir. 2011) (internal quotation marks and citation omitted).

As an initial matter, contrary to Defendants' strained attempt not to so concede, this action does not "arise under" Title 11.  Actions "arising under" Title 11 only include "matter[s] under which a claim is made under a provision of [T]itle 11."  *Delaware Tr. Co. v. Wilmington Tr., N.A.*, 534 B.R. 500, 511 (S.D.N.Y. 2015).

Nor do Plaintiff's claims "arise in" a Title 11 case.  "Arising in" jurisdiction "covers claims that are not based on any right expressly created by [T]itle 11, but nevertheless, would have no existence outside of the bankruptcy."  *Baker v. Simpson*, 613 F.3d 346, 350 (2d Cir. 2010).

Plaintiff's claims in this case are premised on Defendants' breach of obligations contained in the PSA, a contract which was negotiated and signed before the Bankruptcy Case was initiated, and to which the debtor is not a party.  Complaint ¶¶ 29, 32-38.  While the operative PSA provisions in questions anticipate the possibility of bankruptcy, *see* Complaint ¶ 33, the claims could and do otherwise exist absent bankruptcy.  Plaintiff's claims, thus, do not rely on the existence of the Bankruptcy Case for their existence.  Additionally, Plaintiff's claims do not seek to alter any decision reached in the Bankruptcy Case.  To the extent Plaintiff's Complaint could be read to so suggest, Plaintiff repeatedly has affirmed that it is seeking damages only against Defendants, who are not bankruptcy debtors.  *See* Transcript of November 4, 2020 Argument, ECF No. 43 ("Transcript"), at 11:1-17.  As a result, Plaintiff's claims cannot be said to "arise under" Title 11 or "arise in" a Title 11 case.  *Cf. In re U.S. Lines, Inc.*, 197 F.3d 631, 637 (2d Cir. 1999) ("whether a contract proceeding is core depends on (1) whether the contract is antecedent to the reorganization petition; and (2) the degree to which the proceeding is independent of the reorganization.").[1]

---

[1] Defendants' argue that this case "arises in" connection with the Bankruptcy Case because resolution of the claims here will require a court to read the orders of the Bankruptcy Court to understand what agreements became part of

The only remaining jurisdictional prong in Section 1334 that is potentially implicated is "related to" jurisdiction. Cases relate to a bankruptcy case when the action's "outcome might have any conceivable effect on the bankrupt estate." *Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.*, 639 F.3d 572, 579 (2d Cir. 2011) (internal quotation marks and citation omitted). The Court does not, however, need to determine whether Plaintiff's claims "relate to" the Bankrupcty Case. When a case is merely "related to" bankruptcy and does not "arise under" Title 11 or "arise in" a Title 11 case, mandatory abstention may prevent a District Court from exercising jurisdiction over a case. The Court concludes that mandatory abstention applies here.

Section 1334(c)(2) requires a federal court to abstain from hearing "a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11" if the proceeding was "commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction." 28 U.S.C. § 1334(c)(2). "For such mandatory abstention to apply, six conditions must be met:  (1) a 'timely' motion for abstention must have been brought; (2) the action must be based upon a state law claim; (3) the action must be 'related to' a bankruptcy proceeding, as opposed to 'arising under' the Bankruptcy Code or 'arising in' a case under the Bankruptcy Code; (4) the sole federal jurisdictional basis for the action must be Section 1334; (5) the action must have been 'commenced' in state court; and (6) the action must be capable of being 'timely adjudicated' in state court." *Delaware Tr. Co.*, 534 B.R. at 512.

---

the bankruptcy plan confirmation. *See* Defendants' Memorandum of Law in Opposition to Motion to Remand, ECF No. 32, at 16-19. This argument fails for the reasons stated in Judge Furman's decision in *In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 (JMF), 2017 WL 5195234, at *3 (S.D.N.Y. Nov. 9, 2017). Specifically, the decision in this case will not turn on the interpretation of the Bankruptcy Court's orders, but rather may require a court only to reference or read the orders. *Id.*

If Plaintiff's claims are not related to the Bankruptcy Case, then the Court has no subject matter jurisdiction over this case. However, even if it is related to the bankruptcy, mandatory abstention applies and the case should be remanded.[2] During argument concerning the Parties' motions, Defendants' counsel admitted as much. *See* Transcript at 16:14-19:25.

In this case, the first five of the mandatory abstention factors unquestionably militate in favor of abstention and remand: Plaintiff filed this case, asserting only state law claims, in New York Supreme Court, and Defendants removed it to this Court pursuant only to Section 1334. No one contests that Plaintiff's request for abstention, which was contained within its motion to remand, was not timely made. As for the final factor, to determine "timely adjudication," courts consider "(1) the backlog of the state court's calendar relative to the federal court's calendar; (2) the complexity of the issues presented and the respective expertise of each forum; (3) the status of the title 11 bankruptcy proceeding to which the state law claims are related; and (4) whether the state court proceeding would prolong the administration or liquidation of the estate." *Parmalat Capital Finance*, 639 F.3d at 580. Here, the "timely adjudication" factors also favors abstention since the Bankruptcy Case is closed and this case cannot affect the administration of the Alpha Guardian estate. *See Fried v. Lehman Bros. Real Estate Assocs. III, L.P.*, 496 B.R. 706, 711 (S.D.N.Y. 2013) (noting that even if the state court "may not be . . . faster than the District Court," the timely adjudication factor still applied where "[i]t [wa]s doubtful that this matter will have any significant effect on the timely administration and liquidation of the [] estate."). In short, even if the Court has "related to" jurisdiction over Plaintiff's claims, mandatory abstention demands that the case be remanded back to New York Supreme Court.

---

[2] The Court does not decide here whether Plaintiff's claims are related, but notes only that it is unlikely that resolution of Plaintiff's claims would have "any conceivable effect" on the bankruptcy estate. The final Confirmation Order in the Alpha Guardian bankruptcy was entered on July 27, 2020, *see* Notice of Removal ¶ 8, and Plaintiff's claims do not purport to challenge the reorganization plan.

For the reasons set forth herein, Plaintiff's Motion to Remand is GRANTED and Defendant's Motion to Transfer is DENIED AS MOOT. The Clerk of Court respectfully is requested to remand this action to New York Supreme Court and close this case.

SO ORDERED

Dated: November 19, 2020
      New York, New York

_____
MARY KAY VYSKOCIL
United States District Judge